UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | Case No. CR16-0320RSM |
|---|---|
| Plaintiff, | |
| v. | |
| ROBERT ALLEN STANARD, | ORDER DENYING MOTION FOR NEW TRIAL |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's Motion for a New Trial. Dkt. #131. Defendant argues that evidence of a threat the Defendant would have a shootout with police and testimony by Agent Collier of his interpretation of certain phone conversations by Defendant, which was admitted at trial, unfairly prejudiced him and led the jury to convict him on an improper emotional basis. *Id.* The government opposes the motion arguing that the challenged evidence was properly admitted at trial, but that even if it had been improperly admitted and error would have been harmless. Dkt. #134. The Court agrees with the government.

Federal Rule of Criminal Procedure 33 provides in relevant part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(b)(2) provides that a motion for new trial may be brought "on any reason other than newly discovered evidence." This Court has considerable discretion to grant a motion for new trial if, for example, it concludes that "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Alston,* 974 F.2d 1206, 1211-12 (9th Cir. 1992) (quoting *United States*

ORDER - 1

*v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980)). In evaluating a motion brought under Rule 33, the Court may independently "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* at 1211. Nevertheless, the Court may not cavalierly replace the jury's reasonable evaluation of the evidence with its own where the evidence does not "preponderate[] heavily against the verdict." *United States v. Pimentel,* 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Wright, *Federal Practice and Procedure,* Criminal § 553 at 487 (1969)).

In this case, Defendant first complains about the prejudicial affect of brief testimony by one witness that Defendant stated he would have a shootout with police if they arrived at his property. Dkt. #131 at 1-2. The Court found such statement admissible prior to trial, and continues to find that such statement was properly admitted. That statement went directly to Defendant's defense that he did not possess firearms and could not access firearms on the property.

Defendant next argues that the Court should not have admitted Agent Collier's testimony about his interpretation of certain phone calls Defendant made from prison. Defendant admits that he was aware his calls were recorded while in prison and that under those circumstances "it's obvious that inmates may use indirect references to disguise what they are talking about." Dkt. #131 at 6. He further acknowledges that he used multiple conflicting descriptions of the item at issue, and that the item had been retrieved by his father at some point and was in his father's possession. *Id.* However, Defendant complains that Agent Collier was "spoon feeding" the government's case to the jurors, and drawing conclusions the jurors could have drawn themselves. *Id.* at 7. He asserts that the testimony was inadmissible under Federal Rule of Evidence 701 because it was not based on personal knowledge and not helpful to the jury. The Court disagrees. Agent Collier testified to his own interpretation of certain phone calls that Defendant had made from prison, based on his own knowledge of the investigation, and

why those phone calls were important to him and his investigation. Agent Collier's testimony comports with FRE 701 and was also proper to rebut Defendant's testimony that no 9 mm pistol existed.

Finally, even if either of Defendant's arguments had merit, the Court still would not order a new trial. Having reviewed the evidence in this case, there was sufficient evidence to convict Defendant on all counts separate and apart from the evidence now challenged, and nothing about the challenged evidences warrants a finding of prejudice given the separate evidence.

For all of these reasons, Defendant's Motion for New Trial (Dkt. #131) is DENIED.

DATED this 28 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE