UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>ROBERT A. STANARD,<br><br>                  Defendant. | CASE NO. CR16-320-RSM<br><br>ORDER STAYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Robert A. Stanard's Emergency Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #203. Plaintiff United States of America ("the Government") opposes the motion. Dkt. #206. The Court finds oral argument unnecessary to rule on this motion. Having considered the Motion, the Government's Response, Defendant's Reply, and the remainder of the record, the Court STAYS Mr. Stanard's motion for compassionate release.

## II.   BACKGROUND

Mr. Stanard is a 43-year-old inmate confined at Sheridan Federal Correctional Institute ("Sheridan"). In August 2004, Defendant was convicted in this Court of possession of an unregistered destructive device and felon in possession of a firearm and sentenced to 144 months

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 1

of confinement. In a separate case, Defendant was convicted of felon in possession of a firearm and possession of an obliterated firearm and sentenced to 33 months, with the two sentences to run concurrently to each other. On October 29, 2016, while on supervised release, Defendant was arrested after police were called to his home for a domestic disturbance between Defendant and his wife. The incident led to a search of the Stanards' property, resulting in a seizure of firearms and ammunition, including a Diamondback Arms 5.56mm AR-15-style rifle and cartridges, ballistic helmets, numerous 30-round AR-15 magazines loaded with 5.56mm rifle ammunition, loaded magazines from a 9mm Smith & Wesson semi-automatic pistol, 9mm and .380 caliber pistol rounds, a silencer, and hundreds of rounds of ammunition.

The Government charged Mr. Stanard with felon in possession of a firearm (the AR-15) and possession of an unregistered silencer. Dkt. #11. On July 5, 2017, a grand jury returned a superseding indictment that added allegations that Mr. Stanard possessed an additional firearm (the .380 pistol) and new counts of unlawful possession of ammunition and conspiracy to obstruct justice related to Mr. Stanard's efforts to hide the 9mm pistol. Dkt. #38. On January 11, 2018, a jury found Mr. Stanard guilty on all counts. Dkt. #118. On July 13, 2018, Mr. Stanard was sentenced to 84 months in custody for three firearms-related offenses: felon in possession of a firearm, felon in possession of ammunition, and possession of an unregistered firearm, and one count of obstruction of justice. Dkt. #154. Mr. Stanard was taken into custody the day of sentencing and was assigned to Sheridan Federal Correctional Institution ("FCI") with a projected release date of December 9, 2022. Dkt. #203 at 4. Approximately 20 months remain on his sentence.

On April 7, 2020, Mr. Stanard filed a BP-9 application with the Bureau of Prisons ("BOP") staff for a reduction in his sentence in light of the COVID-19 health crisis. Dkt. #204 at 5-6. On

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 2

April 14, 2020, Mr. Stanard moved this Court to grant compassionate early release or supervised release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #71. At the time of filing the instant motion, BOP had not responded to Mr. Stanard's April 7 request. Dkt. #204 at ¶ 3.

Mr. Stanard argues that he is entitled to compassionate release because he has asthma, which puts him at a higher risk of suffering complications from COVID-19 if he contracts the disease while incarcerated. Dkt. #203 at 4; Dkt. #204 at ¶ 9. The Government maintains that Mr. Stanard's current records do not reflect a current asthma condition. Dkt. #206 at 3 ("The current records reflect that Stanard's complaint of asthma as 'resolved,' and that Stanard is not currently being treated, or taking medication, for asthma."). As of April 27, 2020, no inmates or staff at Sheridan have tested positive for COVID-19. *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last visited April 27, 2020).

### III.  DISCUSSION

**A. Legal Standards**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).  Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

### B. Exhaustion of Administrative Remedies

Mr. Stanard has failed to comply with the exhaustion requirements in 18 U.S.C. § 3582(c)(1).  Mr. Stanard emailed a petition for compassionate release to BOP on April 7, 2020, Dkt. #204 at 4-5, and filed this motion one week later, on April 14, 2020.  *See* Dkt. #203.  At the time Mr. Stanard moved for compassionate release under 18 U.S.C. § 3582(c)(1), BOP had not responded to his request. Dkt. #204 at ¶ 3.  Thus, Mr. Stanard has not exhausted his administrative remedies or waited for a response from BOP for 30 days as required by § 3852(c)(1)(A). Indeed, Mr. Stanard's motion acknowledges that he has not complied with the statutory requirements

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 4

filing this action. *See* Dkt. #203 at 5 ("[A]ny failure to exhaust administrative remedies should be excused.").

Mr. Stanard argues that the urgency created by the COVID-19 health crisis allows courts to create an exception to the exhaustion requirements under Section 3582(c)(1)(A)(i). However, Mr. Stanard fails to cite any binding Ninth Circuit or Supreme Court case law providing the court with authority to create judicial exceptions to the exhaustion requirement. *See* Dkt. #203 at 5-9. On the contrary, this Court and others in the Ninth Circuit have reached the opposite conclusion, finding that the urgency created by COVID-19 does not extinguish the 30-day exhaustion requirement:

> [T]his court and other district courts in the Ninth Circuit who have considered this exact issue—whether district courts may create an exception to § 3582(c)(1)(A)(i)'s 30-day exhaustion requirement on the basis of the COVID-19 pandemic—have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19.

*United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020)."). *See also United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020) ("[T]he Court concludes it may only exercise that authority within the strictures of the statute that grants it, and, as noted, [18 U.S.C. § 3582(c)(1)(A)] does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the [First Step Act] have been met."); *United States v. Young*, No. CR14-5242RJB, 2020 WL 1673043, at *2 (W.D. Wash. Apr. 6, 2020) (concluding that defendant was not entitled to compassionate release where defendant "did not exhaust his administrative remedies"); *United States v. Schuett*, No. 214-CR-00364-JAD-GWF, 2020 WL 1677080, at *1 n.7 (D. Nev. Apr. 6, 2020) ("Although the COVID-19 crisis may be a consideration for compassionate release, particularly in light of Schuett's documented medical challenges, he has not demonstrated that he

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 5

has exhausted his administrative rights for such a release with the BOP."); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The Court's hands are bound by the statute . . . . [A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks."); *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *2 (S.D. Cal. Mar. 27, 2020) (denying motion for compassionate release based on failure to exhaust administrative remedies and noting that "issues such as Mr. Garza's medical condition, the conditions and resources at Terminal Island (including the availability of testing and treatment), and decisions as to which prisoners should be released because of the COVID-19 epidemic are better left to [BOP] and its institutional expertise"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i).").

Mr. Stanard relies on one in-circuit case where the court considered a motion for compassionate release during the COVID-19 crisis despite the defendant's failure to strictly comply with the 30-day waiting period under Section 3582(c)(1)(A). *See United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020). However, this Court recently distinguished *Gonzalez* because that defendant had "effectively exhausted her administrative remedies" in light of BOP's response to her compassionate release petition. *See Fuller*, 2020 WL 1847751, at *2 ("In [*Gonzalez*], however, the court found that the defendant had 'effectively exhausted her administrative remedies' based on the fact that she had petitioned the BOP and been directly informed by BOP that 'she does not have any other administrative path or remedies she can pursue.'"); *see also United States v. Allison*, No. CR16-5207RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020) (same). Here, as in *Fuller* and

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 6

*Allison*, Defendant filed his motion for compassionate release without receiving any response from BOP to his petition. *See* Dkt. #204 at ¶ 3 ("As of the time of filing, I have received no response to my BP-9 email request for compassionate release. As far as I am aware, Mr. Stanard has not received any response to this request."). For this reason, *Gonzalez* is inapplicable here.

The remaining in-circuit cases that Mr. Stanard relies upon do not address exhaustion of administrative remedies under Section 3582(c)(1)(A) in light of the COVID-19 crisis. *See, e.g., Kelly v. Daniels,* 469 F. Supp. 2d 903, 904 (D. Or. 2007) (considering federal prisoner's habeas petition for Bureau of Prisons' miscalculation of good conduct time); *Merth v. Puentes*, 2019 U.S. Dist. LEXIS 114799, (E.D. Ca. July 10, 2019) (waiving administrative exhaustion of FSA's good time credits provision); *U.S. v. Trujillo*, 713 F.3d 1003, 1005 (9th Cir. 2013) (addressing motion for reduction of sentence under Section 3582(c)(2)); *Thody v. Swain*, 2019 U.S. Dist. LEXIS 226582, (C.D. Ca. Nov. 26, 2019) (citing *Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993)) (rejecting petitioner's argument that exhaustion of administrative remedies was futile). The Court therefore finds these cases inapposite here.

For these reasons, the Court finds no reasonable basis to diverge from the decisions by this Court and others in the Ninth Circuit that the COVID-19 health crisis, on its own, does not extinguish the 30-day exhaustion requirement under Section 3582(c)(1)(A). Because Mr. Stanard has filed this motion on his own behalf before exhausting his administrative remedies or providing BOP with 30 days to respond to his request, the court lacks authority to consider his motion for compassionate release. Accordingly, the court may not consider Mr. Stanard's motion before he complies with the exhaustion requirements of § 3582(c)(1)(A).

//

//

**C. Request for Stay**

If the Court finds exhaustion required, Defendant requests that it stay consideration of his motion pending expiration of the 30-day period on May 7, 2020. Dkt. #207 at 4. Although Defendant provides no statutory or legal authority in support of this request, the Court finds that a stay best favors the interests of judicial economy in this instance. *See United States v. Reid*, No. 17-CR-00175-CRB-1, 2020 WL 1904598, at *4 (N.D. Cal. Apr. 18, 2020) (staying compassionate release motion pending exhaustion). Accordingly, the Court will act on Mr. Stanard's petition once it has jurisdiction to do so, on May 7, 2020. The parties shall inform the Court immediately if the BOP acts on Mr. Stanard's request.

## IV.   CONCLUSION

For the reasons set forth above, Mr. Stanard's motion for compassionate release, Dkt. #203, is STAYED until May 7, 2020, or until Mr. Stanard has otherwise complied with the exhaustion requirements of § 3582(c)(1)(A).

Dated this 27th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE