UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>ROBERT A. STANARD,<br><br>                    Defendant. | CASE NO. CR16-320-RSM<br><br>ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE |

## I. INTRODUCTION

This matter comes before the Court on its previous order staying Defendant Robert A. Stanard's Emergency Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #209. Plaintiff United States of America ("the Government") has opposed Defendant's motion. Dkt. #206. The Court finds oral argument unnecessary to rule on this motion. Having considered the Motion, the Government's Response, and the remainder of the record, the Court DENIES Mr. Stanard's motion for compassionate release.

## II. BACKGROUND

A full summary of this case is not necessary given this Court's previous order on Mr. Standard's motion for compassionate release. Dkt. #209. On July 13, 2018, Mr. Stanard was sentenced to 84 months in custody for three firearms-related offenses: felon in possession of a

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 1

firearm, felon in possession of ammunition, and possession of an unregistered firearm, and one count of obstruction of justice. Dkt. #154. Mr. Stanard was taken into custody the day of sentencing and was assigned to Sheridan Federal Correctional Institution ("FCI") with a projected release date of December 9, 2022. Dkt. #203 at 4. Approximately 30 months remain on his sentence.

Over the past months, public understanding of the COVID-19 virus and its corresponding risks to inmates and staff at Bureau of Prison ("BOP") facilities have evolved. The U.S. Centers for Disease Control and Prevention has continued to update its guidance on the coronavirus, advising that certain populations are at heightened risk of severe complications and/or death if they contract COVID-19. These populations include individuals over the age of 65 and those with chronic medical conditions, including moderate to severe asthma, serious heart conditions, liver disease, and immunocompromised patients. *See* U.S. Ctrs. for Disease Control and Prevention, (April 15, 2020), *Coronavirus Disease 2019-COVID*, *People who are at higher risk for severe illness,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html ("CDC Guidelines").[1]

In response to public health officials' warnings about the spread of COVID-19 and the risk of severe complications in certain populations, all levels of government have implemented widespread "social distancing" measures. *See, e.g.*, W.D. Wash. Gen. Order No. 07-20 (April 14, 2020) (continuing all in-person proceedings scheduled to occur before July 1, 2020). On March 26, 2020, the U.S. Attorney General issued guidance to the Director of the BOP for transferring

---

[1] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice *sua sponte* of public records related to the COVID-19 health crisis, including documents available through government agency websites. *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 2

certain at-risk inmates to home confinement, including those who are non-violent and pose minimal likelihood of recidivism. Dkt. #203 at 3-4. In this memorandum, the U.S. Attorney General listed age and vulnerability of the inmate based on the CDC Guidelines as discretionary factors for the BOP to consider.

On April 7, 2020, Mr. Stanard filed a BP-9 application with the BOP staff for a reduction in his sentence in light of the COVID-19 health crisis. Dkt. #204 at 5-6. On April 14, 2020, Mr. Stanard moved this Court to grant compassionate early release or supervised release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #203. At the time of filing the instant motion, BOP had not responded to Mr. Stanard's April 7 request. Dkt. #204 at ¶ 3. Finding that Defendant failed to exhaust his administrative remedies, this Court stayed Mr. Stanard's motion until May 7, 2020 or until such a time that he exhausted his administrative remedies. Dkt. #209. Given that thirty days have now elapsed since he submitted his request to the warden, Mr. Standard has satisfied the exhaustion requirements in 18 U.S.C. § 3582(c)(1). Accordingly, the Court will address the merits of his motion.

### III.   DISCUSSION

#### A. Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative*

> *rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. Given that Mr. Stanard is 44 years old, only sections (1)(A), (2), and (3) of the Sentencing Commission's policy statement are relevant to his motion. Thus, under the policy statement, Mr. Stanard is entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement. *See* USSG § 1B1.13(1)(A), (2), (3).

The Sentencing Commission's application notes to this policy statement provide further guidance. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 5

USSG 1B1.13 cmt. n.1(A).  The application note also addresses family circumstances and circumstances involving defendants who are at least 65 years old.  *See id.* at n.1(B)-(C).  Neither of these circumstances are applicable to Mr. Stanard's motion.  Furthermore, subpart (D) provides a catch-all provision for "other reasons" that may exist as determined by the Director of the BOP.  *Id.* at n.1(D).  Mr. Stanard does not contend that the Director of BOP has determined that an extraordinary or compelling reason for a sentence reduction exists here.

**B. Extraordinary and Compelling Reasons**

Mr. Stanard bears the burden of establishing that extraordinary and compelling reasons exist that justify compassionate release.  *Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).  Defendant argues that the COVID-19 pandemic presents an extraordinary and compelling basis for early release "for at least certain defendants."  Dkt. #203 at 10.  The Government responds that COVID-19, on its own, does not provide a basis for granting compassionate release, and that Mr. Stanard's case does not comprise "one of those rare cases" where health conditions present an exceptional reason for release in light of the pandemic.  Dkt. #206 at 17-18.  The Court agrees for the reasons set forth below.

Mr. Stanard argues that he is entitled to compassionate release because he has asthma, which would put him at a higher risk of suffering complications from COVID-19 if he contracts the disease while incarcerated.  Dkt. #203 at 4; Dkt. #204 at ¶ 9.  However, he offers no records to support his claims.  On reply, he states that the Government "acknowledges Mr. Stanard's medical records reflect he suffers from asthma," Dkt. #207 at 5, but the Government expressly states that Mr. Stanard's current records do not reflect a current asthma condition.  *See* Dkt. #206 at 3 ("The current records reflect that Stanard's complaint of asthma as 'resolved,' and that Stanard is not currently being treated, or taking medication, for asthma.").  Defendant does not reference any

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 6

other risk factors that would place him at higher risk for severe illness from the virus. *See People at Risk for Serious Illness from COVID-19*, U.S. Ctrs. for Disease Control and Prevention, (April 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html ("Older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19."); *Information for Healthcare Professionals: COVID-19 and Underlying Conditions*, U.S. Ctrs. for Disease Control and Prevention, (April 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (listing conditions that may trigger higher risk of severe illness from COVID-19). Furthermore, as of May 7, 2020, no inmates or staff at Sheridan have tested positive for COVID-19. *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last visited May 7, 2020).

While the Court does not discount the dangers associated with COVID-19 at a facility like Sheridan, Mr. Stanard has not presented any evidence that he is at higher risk to suffer the more severe effects of the virus or that he otherwise suffers from a "serious physical or mental condition . . . that substantially diminishes" his "ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover." USSG § 1B1.13, cmt. n.1(A)(ii). The "extraordinary and compelling" circumstances warranting release under Section 3582(c)(1) are not satisfied by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists." *Riley*, 2020 WL 1819838, at *7.

For these reasons, the Court cannot conclude that Mr. Stanard has demonstrated extraordinary and compelling reasons to reduce his sentence.

//

//

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 7

### C. Danger to Others or the Community

The Court finds that denial of Mr. Stanard's motion is appropriate on the independent basis that he has not shown that he poses no danger to others or to the community. *See* USSG § 1B1.13(2). In making this determination, a court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him or her, his or her history and characteristics, and the nature and seriousness of the danger his or her release would pose to any person or the community. *See* 18 U.S.C. § 3142(g).

Here, Mr. Stanard's criminal record reflects multiple convictions for crimes that involve violence or the threat of violence. This record includes several incidents of assault, possessing and/or discharging firearms, possession of explosives, and his recent 2018 conviction in this Court related to stockpiling an arsenal of weapons. This arsenal, discovered during a search of Mr. Stanard's property after police responded to a domestic disturbance, included a Diamondback Arms 5.56mm AR-15-style rifle and cartridges, ballistic helmets, 30-round AR-15 magazines loaded with 5.56mm rifle ammunition, loaded magazines from a 9mm Smith & Wesson semi-automatic pistol, 9mm and .380 caliber pistol rounds, a silencer, and hundreds of rounds of ammunition. He was sentenced to 84 months for felon in possession of a firearm, 18 U.S.C. § 922(g), felon in possession of ammunition,18 U.S.C. § 922(g), possession of an unregistered silencer, 26 U.S.C. § 5861(d)), and conspiracy to obstruct justice, 18 U.S.C. § 371. Based on the nature and circumstances of the 2018 conviction and a review of Mr. Stanard's criminal history, the Court cannot find that Mr. Stanard poses no danger to others or to the community at this time. The Court is not persuaded that the factors referenced in Defendant's motion, such as his disciplinary record in prison, a residential release plan to live with his wife and daughter, and

support from his parents, would reasonably mitigate his continuing danger.  *See* Dkt. #203 at 11.  On this independent ground, the Court finds denial of release appropriate.

**D. Reduction Consistent with USSG Policy Statement**

Having found that that Mr. Stanard has failed to demonstrate (1) extraordinary and compelling reasons warranting compassionate release or (2) that he poses no danger to others or to the community, the Court need not consider whether a sentence reduction would be consistent with the Sentencing Commission's policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

## IV.   CONCLUSION

For the reasons set forth above, Mr. Stanard's motion for compassionate release, Dkt. #203, is DENIED.

Dated this 7th day of May, 2020

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE